NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1395

C.C.

vs.

B.L.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff alleged that the defendant violently raped her in 2015, later causing her to suffer gastrointestinal dysfunction. In 2020, she was diagnosed with an abnormal contraction of her pelvic floor due to the rapes; she underwent surgery including the removal of her entire colon. She asserted claims for battery and for intentional infliction of emotional distress. A judge allowed the defendant's motion to dismiss, concluding that because the plaintiff knew in 2015 that she had been injured by the rapes, the statute of limitations began to run in 2015, making the plaintiff's 2023 lawsuit untimely. We reverse that order, vacate the judgment, and remand.

Background.  In assessing the propriety of the dismissal "[w]e accept as true the facts alleged in the plaintiff['s] complaint as well as any favorable inferences that reasonably can be drawn from them."  Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014).  The plaintiff's complaint alleges as follows.  In September 2015, the defendant violently raped the plaintiff while she slept and then raped her again hours later.  The plaintiff underwent a sexual assault examination but did not realize at the time that she had suffered severe internal injuries from the rapes.

It was not until February 27, 2020 -- four years and five months after the rapes -- that the plaintiff was told that her pelvic floor was not working properly, resulting in "unspecified constipation" for which she was referred to physical therapy. On April 28, 2020, she was diagnosed with "Outlet Disfunction caused by abnormal contraction of the pelvic floor due to trauma of the sexual assault(s)" by the defendant.  The plaintiff underwent tests, treatments, and surgeries due to her injuries, including the full removal of her colon.  The complaint was filed on February 8, 2023.

Discussion.  We review de novo the motion judge's conclusion that the plaintiff's claims were barred by the three-year statute of limitations.  Crocker v. Townsend Oil Co., 464 Mass. 1, 5 (2012).  In doing so, we accept the plaintiff's well-

2

pleaded factual allegations as true, and consider whether they "raise a right to relief above the speculative level" (citation omitted). Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

General Laws c. 260, § 2A, provides that actions of tort shall be commenced only within three years "after the cause of action accrues." "Generally, under our discovery rule, a claim accrues and the statute of limitations clock commences when a plaintiff knows, or reasonably should have known, 'that she has been harmed or may have been harmed by the defendant's conduct.'" Evans v. Lorillard Tobacco Co., 465 Mass. 411, 449 (2013), quoting Bowen v. Eli Lilly & Co., 408 Mass. 204, 205-206 (1990). Put another way, courts "require that a plaintiff have (1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of harm was." Bowen, supra at 208.

"[C]ases in which the plaintiffs suffer successive, but distinct, injuries, . . . may give rise to separate causes of action." Olsen v. Bell Tel. Labs., Inc., 388 Mass. 171, 176 (1983). "[I]f there are multiple injuries, there will be multiple causes of action with multiple dates of accrual if the injuries are 'separate and distinct.'" Cigna Ins. Co. v. Oy Saunatec, 241 F.3d 1, 10 (1st Cir. 2001).

"Where injury is present but not discernible, or an injury is recognized but its cause is not ascertainable, accrual of the cause of action is held to be in abeyance until the time when a modicum of knowledge supplants ignorance in the mind of the claimant, or may be reasonably imputed to her."

Lijoi v. Massachusetts Bay Transp. Auth., 28 Mass. App. Ct. 926, 928 (1990).

The plaintiff knew the defendant raped her in September 2015; one may infer from the allegations in the complaint that she (1) was twice "violently raped," and (2) underwent a rape examination that showed some injuries.  But those are not the injuries for which she sued, and "the claim does not accrue until that particular disease is manifested."  Evans, 465 Mass. at 449.  It was not until later that the plaintiff's gastrointestinal symptoms manifested and not until April 2020 that those symptoms were linked to the rapes.

Unless the plaintiff "reasonably should have known" earlier that her gastrointestinal symptoms resulted from the rapes, we cannot say the complaint was untimely under the discovery rule.  See Bowen, 408 Mass. at 210 ("we test the accrual of her cause of action by what a reasonable person in her position would have known or on inquiry would have discovered at various relevant times").  See also Genereux v. American Beryllia Corp., 577 F.3d 350, 361 (1st Cir. 2009) (applying Massachusetts discovery rule, inappropriate to allow summary judgment for defendant where

4

plaintiff's preexisting asthma may have affected reasonableness of attributing breathing problems to beryllium exposure).

Because this case is in its infancy, the record is devoid of information that speaks to this question. As our cases recognize, "[g]enerally, an issue concerning what the plaintiff knew or should have known is a factual question that is appropriate for the trier of fact." Koe v. Mercer, 450 Mass. 97, 101 (2007). As the case advances, the plaintiff will bear "the burden of proving both an actual lack of causal knowledge and the objective reasonableness of that lack of knowledge." Doe v. Creighton, 439 Mass. 281, 283 (2003), citing Riley v. Presnell, 409 Mass. 239, 243-247 (1991). The plaintiff "must show that the nature of the abuse was such that it would cause an objectively reasonable person to fail to recognize the causal connection between it and the injuries that it caused." Doe, supra at 285, citing Riley, supra at 246. We make no guess as to whether, when the evidence is developed, the plaintiff will be able to do this. We opine only that the complaint, when read favorably to the plaintiff, is sufficient to survive a motion to dismiss.

Koe, 450 Mass. at 102, on which the motion judge relied in dismissing the case, does not require a contrary result. There, the plaintiff sued a pastor for emotional injury resulting from sexual abuse many decades earlier. Applying the discovery rule

5

on a summary judgment record, the court concluded that the plaintiff had been made aware of the connection between the abuse and his injury more than three years before he filed suit, and his claim was therefore time barred.  The court said that "the discovery rule does not grant plaintiffs the option of ignoring connections once they have been made aware of them." Id.  Here, by contrast, the limited record before us does not establish that the plaintiff was aware of the connection before February 2020.[1]

Accordingly, we reverse the order allowing the motion to dismiss, vacate the judgment, and remand the case for further proceedings.

So ordered.

By the Court (Sacks, Shin & Hershfang, JJ.[2]),

Clerk

Entered:  December 23, 2024.

---

[1] The timeliness of the claim for intentional infliction of emotional distress presents a related, possibly distinct issue that was not addressed by the motion judge and is not addressed in the sole appellate brief (the plaintiff's).  Because the case is in its early stages, we vacate the dismissal of this claim so the matter may be developed in the trial court.

[2] The panelists are listed in order of seniority.